Margaret WILLIAMS,
Plaintiff-Appellant,

v.

GEORGIA DEPARTMENT OF HUMAN RESOURCES, d/b/a Central State Hospital, et al., Defendants-Appellees.

No. 85–8856.

United States Court of Appeals,
Eleventh Circuit.

May 15, 1986.

Thomas M. West, Atlanta, Ga., David S. Bills, The Keenan Law Firm, Atlanta, Ga., for plaintiff-appellant.

Patricia Downing, David C. Will, Asst. Attys. Gen., State Law Dept., Atlanta, Ga., for defendants-appellees.

Before VANCE and JOHNSON, Circuit Judges, and BOWEN *, District Judge.

PER CURIAM:

In the instant case, the district court granted a "directed verdict" in favor of the defendants without holding a trial. Because the district court had no authority to direct a verdict at the pretrial stage of the case, we reverse.

Plaintiff-appellant Margaret Williams was incarcerated in the Women's Unit of the Middle Georgia Correctional Institute during the year 1980. In May 1980, while appellant was incarcerated, she gave birth to a child. The child was born in an emergency delivery, during which appellant was given sedatives but no anesthesia. The placenta was not spontaneously expelled and had to be manually removed by the treating physician, defendant-appellee Dr. Luis Colon.

After giving birth, appellant suffered a series of urinary and vaginal problems. In September 1980, Dr. Colon performed a hysterectomy and anterior colporrhaphy (vaginal repair) on appellant. About a month later, appellant removed a gauze pack from her vagina, which she claimed had been left there since the surgery. Appellant continued to complain of urinary problems, and she was later referred by the correctional institute to Dr. Alan J. Pomerance, who examined her in June 1981. Dr. Pomerance subsequently performed posterior repair to appellant's vagina and removed her vulva nevus.

---

* Honorable Dudley H. Bowen, Jr., U.S. District Judge for the Southern District of Georgia, sitting by designation.

In May 1982, appellant filed a complaint in the United States District Court for the Middle District of Georgia. In her complaint she alleged that, by failing to give her anesthesia during childbirth and by his subsequent conduct, Dr. Colon exhibited deliberate indifference to her serious medical needs and caused her severe injury in violation of the Eighth Amendment. Appellant claimed that, in consequence of this constitutional violation, Dr. Colon, defendant-appellee Georgia Department of Human Resources, and defendant-appellee Georgia Department of Offender Rehabilitation were all liable to her under 42 U.S.C.A. § 1983. Appellant included in her complaint a pendent state law claim for medical malpractice. She requested a jury trial.

In August 1984, the district judge held a pretrial status conference pursuant to Fed.R.Civ.P. 16. At the conference, the defendants' attorney requested permission to move for summary judgment. In response to this request, the judge said:

Well, let me tell you, I'm always uneasy, as I've probably told both of you, about Motions for Summary Judgment. The rule, to me, just doesn't fit this type of situation because it presupposes no genuine dispute of material fact. Then you argue what is a material fact, and what is an immaterial fact and it is a cinch on appeal for some law clerk working for— like my good law clerks—working for an appellate judge to suggest to the judge, "Gee, Judge, this case should have been tried." "Yeah, genuine issue of material fact, try it." They just come back wholesale, not just mine but everybody's.

The judge then stated that he wanted the parties to submit to him all the evidence that they would put on at trial if a trial were held. The judge said he would evaluate whether, if all this evidence were presented, it would be enough to go to a jury. He said, "Let's just assume that we were in the Courtroom, and that y'all presented everything you can present and a Motion for a Directed Verdict was made,

would there be enough to submit to the jury."

Plaintiff's counsel objected to the use of this procedure. He stated that the defendants should be permitted to move for summary judgment, and if summary judgment were not granted, then the parties should go to trial. The district judge said that to empanel a jury and conduct a trial for two or three days, where it was doubtful whether there was sufficient evidence to send the case to the jury, would be an imposition on everyone. The judge asked the parties to agree that the court would consider their depositions and medical records and "all the same as if that were presented in court." The judge said, "To me, when there's a question as to whether or not you've really got a cause of action, this is a time and money saving procedure. I've done it two or three times."

Plaintiff's counsel reluctantly agreed to follow this procedure. The attorneys for both sides submitted affidavits, depositions, medical records, and briefs to the court. Plaintiff testified in a deposition that Dr. Colon cut, pulled, and tore the placenta from her womb for about three hours, during which time she begged and screamed for anesthesia but was not given any. She testified that Dr. Colon said the state would not pay for anesthesia. She complained that Dr. Colon failed to perform certain standard diagnostic procedures because she was a prisoner, which resulted in his misdiagnosis of her ailments and in his performing an unnecessary hysterectomy. She testified that he left a gauze pack inside her following surgery, and that the gauze pack was not discovered and removed until more than a month later. Finally, she testified that Dr. Colon failed to perform a medically necessary posterior repair operation for the reason that she was a prisoner.

In October 1985, the court issued an order granting a "directed verdict" against the plaintiff on the Section 1983 claim. The court did not retain jurisdiction over the pendent state claim for medical malpractice and entered judgment in favor of

the defendants. Appellant filed a timely notice of appeal.

One of the cases in which this district judge had followed the same procedures as he followed in the instant case was *Fidelity & Deposit Co. of Md. v. Southern Utilities,* 555 F.Supp. 206 (M.D.Ga.1983), *reversed,* 726 F.2d 692 (11th Cir.1984). In that case, the district court conceded that summary judgment would not be appropriate, but nevertheless granted a "directed verdict" without a trial. The court based its decision on trial briefs, narrative statements of evidence, and a summary of the evidence presented at a pretrial conference. The court considered this material as though it had been presented in court before a jury and a motion for directed verdict had been made by the defendant. The court justified this "directed verdict" procedure on the grounds that it was authorized by Fed.R.Civ.P. 16, and that it was analogous to directing a verdict after an opening statement at trial.

In a decision rendered almost six months prior to the August 1984 status conference in the instant case, this Court reversed the district court in *Fidelity & Deposit Co. of Md.* This Court held that Rule 16 does not confer special powers to enter judgment not authorized by Rule 56 or the other rules. 726 F.2d at 693. This court also held that the district court's power to direct a verdict after an opening statement did not authorize the district court to direct entry of judgment in that case. *Id.* at 694.

On the basis of *Fidelity & Deposit Co. of Md.,* we conclude that the district court erred in granting a "directed verdict" in favor of defendants. Where a party in a civil case has requested a trial, the district court has no power to grant a "directed verdict" prior to trial.

The district court may of course entertain a motion for summary judgment, provided that the court strictly adheres to the procedures required under Rule 56. *Id.* at 693 n. 2. We note that in this case plaintiff's testimony, viewed in the light and with all reasonable inferences most favorable to the plaintiff, creates issues of material fact. It is not clear, however, that a rational trier of fact could find that Dr. Colon's alleged misconduct rises to the level of "deliberate indifference," and thus creates a "genuine issue for trial." *See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* —— U.S. ——, ——, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Because the issue is not properly before us, we do not decide whether the alleged misconduct in this case rises to the level of a constitutional violation. We REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.